UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 14-59-HRW

HELEN COMBS,                                                                    PLAINTIFF,

v.                          MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final

decision of the Defendant denying Plaintiff's application for disability insurance benefits and

supplemental security income benefits.  The Court having reviewed the record in this case and

the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the

reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by

substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits and supplemental

security income benefits on August 30, 2010, alleging disability beginning on January 28, 2007,

due to "PTSD, mental problems, anxiety, depression, back problems, OCD and heart murmur"

(Tr. 235).  This application  was denied initially and on reconsideration.  Thereafter, upon request

by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Gregory

Kenyon (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.  At the

hearing, William Kiger, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.

> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 17-28).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffers from lumbar spine degenerative disc disease, chronic headaches, depression and an anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 19-20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20).

The ALJ further found that Plaintiff could not return to her past relevant work as an auto rental clerk, resident aide, waitress or cashier (Tr. 26) but determined that she has the residual

2

functional capacity ("RFC") to perform to perform light work as defined in 20 C.F.R. §§

404.1567(b), and 416.967(b),[4] allowing avoidance of more than occasional crouching, crawling,

kneeling, stooping, balancing, and stair/ramp climbing; more than unskilled, simple, repetitive tasks;

more than occasional contact with co-workers, supervisors, or the public; more than a relatively

static work environment with very little work duty/setting changes; or any rope/ladder/scaffold

climbing, working around hazards such as unprotected heights or dangerous machinery, or

performance tasks requiring of rapid production pace or strict production quotas  (Tr. 22).

The ALJ finally concluded that these jobs exist in significant numbers in the national and

regional economies, as identified by the VE (Tr. 28).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential

evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision

as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a

reversal of the Commissioner's decision.  Both parties have filed Motions for Summary

Judgment [Docket Nos. 15 and 16] and this matter is ripe for decision.

## II. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by

substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

3

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.      Plaintiff's Contentions on Appeal

Plaintiff challenges the ALJ's consideration and weighing of the medical evidence. To the contrary, it is the duty of the ALJ to consider and weigh each piece of evidence. The ALJ considers numerous factors in constructing a claimant's residual functional capacity, including the medical evidence, the non-medical evidence, and the claimant's credibility. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (unpublished). In making this determination, the ALJ is required to resolve conflicts in the evidence and incorporate only those limitations that he finds credible in the residual functional capacity assessment. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-1235 (6th Cir. 1993). Where there are conflicts regarding the evidence, the ALJ's findings of credibility are entitled to great deference. *See Anthony v. Astrue*, 266 F. App'x 451, 460 (6th Cir. 2008) (unpublished) (citing *King v. Heckler*, 742 F.2d 968, 974-75 (6th Cir. 1984)).

Plaintiff specifically alleges that the ALJ failed to give deference to the opinion of her treating physician, Dr. Gary Shearer.

4

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Dr. Shearer opined that Plaintiff was not capable of performing even sedentary work (Tr. 9550, thereby implying that she us unable to perform any work activity. The ALJ assigned this opinion "little weight" (Tr. 25). In doing so, he cited to several entries in Dr. Shearer's notes of treatment which were odds with his opinion of dire physical limitation (Tr. 25-26). For example, the ALJ noted a lumbar spine MRI revealing only mild abnormalities, in August 2007, ordered by Dr. Shearer (Tr. 426 (cited as Exhibit 9F)). Moreover, Plaintiff consistently reported that the medication prescribed to her was effective and improving her physical and mental functioning (Tr. 45, 259, 503, 507, 532, 540, 545, 555, 564, 569, 578, 580, 585-586, 591, 602, 604, 614, 616, 621, 626, 632, 638, 640, 645, 649, 652-653, 664, 670, 674, 682, 693, 698, 702, 707, 713, 722, 724, 729, 731, 735, 738, 743, 756, 764, 796, 801, 804, 808, 812, 827, 833, 837, 841, 849, 853, 858, 881). This favorable response to treatment provided substantial evidence supporting the ALJ's decision.

Further calling into question Dr. Shearer's opinion are the findings of consultative examiner, Dr. Joshua McKenzie. In his report, he opined that Plaintiff "should be able to sit and walk and/or stand for most of a full workday . . . hold a conversation, respond appropriately to questions, carry out and remember instructions>" (Tr. 358). He also noted that the severity of her complaints "do not

5

coincide with the findings of my physical examination." *Id.* Contrary to Plaintiff's suggestion that Dr. McKenzie's opinion did not constitute substantial evidence because Dr. McKenzie only examined her once, the Sixth Circuit has held that an ALJ properly relied upon consultative examiners to reject a treating physician opinion in light of the consultative examiners' favorable objective medical findings). *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Based upon the record, the ALJ properly discounted Dr. Shearer's opinion as it was inconsistent with other objective evidence of record and not well supported by his own records.

Plaintiff also argues that the ALJ erred in considering and weighing the opinions of consultative psychologist, Andrew Sweeney, Psy.D. and non- examining psychologist, Jane Brake, Ph.D.

Mr. Sweeney, a consultative licensed clinical psychologist, examined Plaintiff in April 2011 (Tr. 362-365). In his report, he remarked that Plaintiff was oriented and demonstrated good hygiene; good eye contact; unremarkable posture and gait; clear speech; a coherent, logical thought process; and the abilities to recall three out of three items immediately and two out of three after five minutes; and to identify her high school (Tr. 362). However, he noted that her PTSD continues to interfere with her daily functioning. The ALJ did not agree, expressly noting that Dr. Sweeney rendered his opinion on Plaintiff's own report of such limitations, even quoting Dr. Sweeney in this regard that, "'Ms. Combs indicated'" her mental abilities (Tr. 26).

Doctor Brake concluded that Plaintiff was able to understand, recall, and carry out simple, familiar instructions and procedures; concentrate and persist at simple, familiar tasks involving minimal variations and exercise of independent judgment, in two-hour segments; interact as needed with supervisors and peers, and occasionally with the pubic; and adapt adequately to situational

6

conditions and changes (Tr. 119-121, 131-133). *See* S.S.R. 96-6p, 1996 WL 374180, at *2-3

(findings made by state agency physicians must be treated as expert opinion evidence). Dr. Brake's

opinion was supported by the favorable objective medical evidence discussed above.

Dr. Brake's opinion was also supported by Plaintiff's own reports that she could go out alone (Tr.

266); and that her condition did not affect her ability to follow instructions (Tr. 268).

Plaintiff's suggestion that Dr. Brake's opinion did not constitute substantial evidence because

her credentials were not specified with the exception of indicating she has a "Ph.D.," is simply

mistaken. Dr. Brake clearly rendered her opinion in the capacity of a state agency specialist in

mental health. Nonetheless, Plaintiff attempts to compare Dr. Brake's credentials to those of Dr.

Shearer, whose area of practice was clearly physical rather than mental. If Plaintiff truly questioned

Dr. Brake's credentials for some reason other than that they are not documented with enough

specificity to satisfy her, Plaintiff had every opportunity to verify such credentials during the

administrative proceedings.

The Court finds no error in the ALJ's consideration and evaluation of the consultative and

non-examining consultants.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary

Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED.**   A judgment in favor of the Defendant will be entered contemporaneously

herewith.

This 28th day of September, 2015.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge

7